# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

## *Hearing Information:*

| | |
|---|---|
| **Debtor:** | DAVID & NORMA WHITE |
| **Case Number:** | 4:09-BK-29190-EWH  **Chapter:** 13 |
| **Date / Time / Room:** | THURSDAY, FEBRUARY 11, 2010 10:30 AM  COURTROOM 206 |
| **Bankruptcy Judge:** | EILEEN W. HOLLOWELL |
| **Courtroom Clerk:** | TERESA MATTINGLY |
| **Reporter / ECR:** | LUPE MARTINEZ |

## *Matter:*

MOTION TO DENY FURTHER ATTORNEY'S FEES TO DAN GUKEISEN AND MOTION TO DISGORGE FEES PAID TO BANKRUPTCY HELPERS FILED BY KATHRYN L JOHNSON OF LAW OFFICE OF KATHRYN L JOHNSON, PLC ON BEHALF OF DAVID WHITE, NORMAWHITE.

**R / M #:** 37 / 0

## *Appearances:*

CRAIG MORRIS, STAFF ATTORNEY FOR DIANNE C. KERNS, TRUSTEE
KATHRYN L JOHNSON, ATTORNEY FOR DAVID WHITE AND NORMA WHITE
SARAH BARNES, ATTORNEY FOR DAN GUKEISEN, Appearing in Phoenix

## *Proceedings:*

Ms. Barnes states that Mr. Gukeisen doesn't have any of the fees. The only relief asked of Mr. Gukeisen to deny any further claim to fees under the plan and Mr. Gukeisen has conceded he hasn't and will make no claim as to any further fees.

Court asks if an order can be entered to that effect.

Ms. Johnson states that this doesn't take care of the problem. The motion was geared toward both Mr. Gukeisen and Bankruptcy Helpers.

Ms. Barnes states Bankruptcy Helpers has responded to the motion. There was no application for order to show cause.

COURT: AS TO MR. GUKEISEN, HE WILL BE NOT BE REQUIRED TO DISGORGE WHAT HE DOESN'T HAVE. AS TO BANKRUPTCY HELPERS, THEY WILL BE REQUIRED TO APPEAR IN TUCSON. EVIDENCE WILL BE TAKEN.

Mr. Barnes explains that they did provide an affidavit from Kim Rickter in which she confirms that they do not have the fees and were acting on behalf of Kirk Guinn who has not been brought into this matter. In debtor's counsel's reply she requested that her motion be amended to name or include Kirk Guinn who was the counsel all along until the filing of this matter who got the fees. She suggests that if a hearing is set, Mr. Guinn be required to appear as well.

Ms. Johnson notes that Mr. Gukeisen is counsel of record and his counsel claims he did not get paid anything and Mr. Guinn is not counsel of record but did get paid.

Mr. Morris explains that in regards to Bankruptcy Helpers, it appears there is an initial consultation with an attorney and an appearance of an attorney at the 341. Other than that all the work appears to be done by bankruptcy petition preparers.

Court asks if fees the were to be disgorged wouldn't they go to the Chapter 13 trustee for the estate and there is discussion regarding the matter.

Ms. Barnes states there are no findings that can be used in this matter at this point. In the affidavit of Norma White she confirms that it was Kirk Guinn representing her and was then contacted by a couple of individuals on behalf of the Guinn law firm working with the debtor to prepare the petition. Mr. Gukeisen stepped in a the time of filing. All the work done and fees paid prior to filing were to Mr. Guinn and his employees who she believes are paralegals.

COURT: MS. JOHNSON MAY UPLOAD AN ORDER THAT PROHIBITS PAYMENTS TO DAN GUKEISEN, BANKRUPTCY HELPERS, OR MR. GUINN. NO MONEY TO BE PAID FROM THE CHAPTER 13 CASE TO ANY OF THE NAMED ENTITIES OR THEIR AGENTS. IF AFTER THE ORDER IS ENTERED, IF A TURNOVER HEARING IS REQUESTED, FILE A COMPLAINT FOR TURNOVER AND ASK FOR A MANDATORY TURNOVER OVER THROUGH AN ORDER TO SHOW CAUSE.